1  DANIEL J. BRODERICK, Bar #89424
   Federal Defender
2  ERIC V. KERSTEN, Bar #226429
   Assistant Federal Defender
3  2300 Tulare Street, Suite 330
   Fresno, California 93721-2226
4  Telephone: (559) 487-5561

5  Attorney for Defendant
   MATTHEW SCHORR

FILED

MAR 29 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:09-cr-00267 AWI |
| | ) | |
| Plaintiff, | ) | [~~PROPOSED~~] PROTECTIVE ORDER CONCERNING COMPUTER MEDIA CONTAINING CHILD PORNOGRAPHY |
| v. | ) | |
| | ) | |
| MATTHEW SCHORR, | ) | Hon. Anthony W. Ishii |
| | ) | |
| Defendant. | ) | |

### ORDER

**THE COURT HEREBY ORDERS:**

1. United States Department of Homeland Security, Immigration and Customs Enforcement agents shall make a duplicate copy of the hard drive and any attendant storage media for defense analysis.

2. The duplicate copies of the hard drive and storage media shall be made available for defense counsel, Eric V. Kersten, Esq., and defendant's proposed expert Josiah Roloff to review at an ICE office in Fresno, California for the purpose of preparing for trial regarding the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense.

3. A private room will be provided for the defense examination. No Government agents will be permitted inside the room.

4. The expert will be permitted to bring whatever equipment, books or records, he believes necessary to conduct the examination.

5. Neither the defense expert nor defense attorney shall remove the hard drive or other storage media from the ICE office.

6. With the exception of materials which would be considered child pornography under federal law (including visual images and data capable of conversion into a visual image), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive is not altered. The expert will certify in writing (using the certification provided) that he has taken no materials which would be considered child pornography under federal law and that he has not caused any child pornography to be sent off site.

7. Except when a defense expert or attorney fails to provide this certification, no Government official or any person connected with the Government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analyses. However, should a defense expert fail to certify that the items to be taken off site do not contain child pornography, or data capable of being converted into child pornography, Government officials may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copy of the hard drives, said drives shall be "wiped" clean and promptly returned to defendant's proposed expert whom originally provided the drives for the purpose of this examination.

9. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED:

Dated: March 26, 2010

ANTHONY W. ISHII, Judge
United States District Court

Schorr - Protective Order Concerning
Computer Media Containing Child Pornography           2