1   BENJAMIN B. WAGNER
    United States Attorney
2   BRIAN W. ENOS
    Assistant United States Attorney
3   United States Courthouse
    2500 Tulare Street, Suite 4401
4   Fresno, California 93721
    Telephone:  (559) 497-4000
5   Facsimile:  (559) 497-4099

6

7
                    UNITED STATES DISTRICT COURT
8
                  EASTERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,      )  Case No. 1:09-CR-00267 AWI
                                   )
11              Plaintiff,         )  **THE UNITED STATES' NOTICE OF**
                                   )  **INTENT TO INTRODUCE EVIDENCE**
12                                 )  **UNDER FEDERAL RULES OF EVIDENCE**
         v.                        )  **414 AND 404(b)**
13                                 )
                                   )  Date:      January 24, 2011
14  MATTHEW PATRICK SCHORR,        )  Time:      9:00 a.m.
                                   )  Ctrm:      2
15              Defendant.         )
    _____)  Hon. Anthony W. Ishii
16

17

18                              **I.**

19                        <u>**INTRODUCTION**</u>

20       Pursuant to Federal Rules of Evidence 414 and 404(b), the

21  United States hereby gives notice of its intent to introduce at

22  trial evidence of defendant Matthew Patrick Schorr's

23  ("defendant") commission of other acts, and in particular

24  evidence of defendant's 2002 conviction in the Tulare County

25  Superior Court for possession of child pornography.

26  ///

27  ///

28  ///

1

## II.

2

## CASE BACKGROUND

3 **A.    The July 16, 2009 Indictment**

4        The United States is prosecuting the defendant for

5 possession of images depicting minors engaged in sexually

6 explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  This

7 prosecution began by way of an indictment returned by the grand

8 jury on July 16, 2009.  It more specifically alleges that from

9 approximately April 17, 2009 through April 24, 2009, defendant

10 knowingly possessed one or more images depicting minors engaged

11 in sexually explicit conduct that had themselves been transported

12 in interstate commerce, produced using materials which had been

13 transported in interstate commerce, or which otherwise satisfy

14 jurisdictional requirements as set forth in <u>United States v.</u>

15 <u>Gallenardo</u>, 579 F.3d 1076 (9th Cir. 2009).

16 **B.    Defendant's 2002 Possession of Child Pornography Conviction**

17        On June 12, 2002, defendant pled guilty to state crimes

18 including possession of child pornography, in violation of

19 California Penal Code § 311.11(a).[1]  That statute provides, in

20 pertinent part, that:

21          "(a) Every person who knowingly possesses or controls
            any matter, representation of information, data, or
22          image . . . the production of which involves the use of
            a person under the age of 18 years, knowing that the
23          matter depicts a person under the age of 18 years
            personally engaging in or simulating sexual conduct . .
24          . is guilty of a felony and shall be punished by
            imprisonment in the state prison, or a county jail for
25          up to one year . . ."

26

27

---

28        [1] That case was styled <u>State v. Schorr</u>, Tulare County Superior Court
Case No. Cr F 02 0091102.

1    Defendant received a sentence of 365 days pursuant to the

2    possession of child pornography charge, to run concurrent with

3    his pleading guilty to a drug charge filed in that same case

4    (defendant was sentenced to a total of six years incarceration).

5    File records from that case reveal that defendant possessed

6    images of child pornography that depicted the sexual exploitation

7    of prepubescent minor females, aged six to twelve.

8                                    **III.**

9                  **RELEVANT FEDERAL RULES OF EVIDENCE**

10   **A.    Federal Rule of Evidence 414**

11         1.    <u>Scope of Rule 414</u>

12         Rule 414 ("Evidence of Similar Crimes in Child Molestation

13   Cases")  provides, in pertinent part:

> "In a criminal case in which the defendant is accused
> of an offense of child molestation, evidence of the
> defendant's commission of another offense or offenses
> of child molestation is admissible, and may be
> considered for its bearing on any matter to which it is
> relevant."

18   Fed. R. Evid. 414(a).

19         Significantly, "offense of child molestation" is defined

20   within Rule 414 as specifically including conduct proscribed by

21   chapter 110 of Title 18 of the United States Code, which contains

22   the federal child-pornography offenses and other offenses

23   involving the sexual exploitation of children.  Here, both the

24   charged offense and the prior act evidence the United States

25   seeks to introduce involve the possession of child pornography.

26   Accordingly, Rule 414 specifically presumes that evidence of

27   defendant's prior child pornography conviction is both relevant

28   and admissible.

1        2.   Legislative Background

2        Before 1994, the admission of propensity evidence in sexual

3   misconduct cases was governed by Federal Rule of Evidence 404(b),

4   which permits the admission of evidence of other acts for certain

5   purposes.   However, as part of the Violent Crime Control and Law

6   Enforcement Act of 1994, Pub. L. No. 103-322, § 320935, 108 Stat.

7   1796, 2135-38, Congress passed Rules 413, 414 and 415.   Together,

8   these Rules are designed to "*supercede* in sex offense cases the

9   restrictive aspects of Federal Rule of Evidence 404(b)" and to

10  create a *presumption* that "evidence admissible pursuant to the

11  proposed rules is typically *relevant and probative, and that its*

12  *probative value is normally not outweighed by any risk of*

13  *prejudice or other adverse effects*."   140 Cong. Rec. H8991-92

14  (1994) (remarks of principal House sponsor, Rep. Molinari); *see*

15  *also* 140 Cong. Rec. S12990 (emphases added).   The legislative

16  sponsors of Rules 413-415 further note that:

17          "The reform effected by these rules is critical to the
            protection of the public ... [a]nd is justified by the
18          distinctive characteristics of the cases to which it
            applies.   In child molestation cases, for example, a
19          history of similar acts tends to be exceptionally
            probative because it shows an unusual disposition of
20          the defendant – a sexual or sado-sexual interest in
            children – that simply does not exist in ordinary
21          people.

22          Moreover, such cases require reliance on child victims
            whose credibility can readily be attacked in the
23          absence of substantial corroboration.   In such cases,
            *there is a compelling public interest in admitting all*
24          *significant evidence that will shed light on the*
            *credibility of the charge and any denial by the*
25          *defense*. . .

26          The underlying legislative judgment is that the
            evidence admissible pursuant to [Rules 413-415] is
27          typically relevant and probative, and that its
            probative value is normally not outweighed by any risk
28          of prejudice or other adverse effects.

Id. (emphasis added)

In adopting these rules, Congress built upon a large body of precedent favoring a permissive approach to similar crimes evidence in sex offense cases.  Many jurisdictions had long recognized the need for special evidence rules to ensure fully informed decisions by juries in cases involving sexually violent crimes or [like here] the sexual abuse of children.  Such jurisdictions have historically allowed such evidence through the adoption of special "lustful disposition" rules.  See Thomas J. Reed, Reading Gaol Revisited: Admission of Uncharged Misconduct Evidence in Sex Offender Cases, 21 Am. J. Crim. L. 127, 188 (1993) (characterizing 29 states as allowing propensity evidence in some category or categories of sex offense cases).  Other jurisdictions achieved similar results by interpreting standard exception categories like those found in Rule 404(b) with unusual liberality in sex offense cases.  See, e.g., Wigmore's Evidence § 62.2, at 1334-35 (Tillers rev. 1983) (rule against propensity evidence often not honored in sex offense cases).  Furthermore, Congress recognized and intended that this approach would make the admission of similar crimes evidence in federal sex offense cases the norm, and its exclusion the exception.  The legislative sponsors further noted:

> "The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule. ***The presumption is in favor of admission.*** The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that is probative value is normally not outweighed by any risk of prejudice or other adverse effects.

1    In line with this judgment, the rules do not impose
     arbitrary or artificial restrictions on the
2    admissibility of evidence. **Evidence of offenses for**
     **which the defendant has not previously been prosecuted**
3    **or convicted will be *admissible*, as well as *evidence of***
     ***prior convictions*.** No time limit is imposed on the
4    uncharged offenses . . . as a practical matter,
     evidence of other sex offenses by the defendant is
5    often probative and properly admitted, not withstanding
     substantial lapses of time in relation to the charged
6    offense or offenses."

7    140 Cong. Rec. H8992 (1994) (Statements of Rep. Molinari and

8    Senator Dole) (emphases added); See also 137 Cong. Rec. S3212,

9    S338-3242 (1991).

10          3.   The Ninth Circuit Holds that Rule 414 Evidence is
                 <u>Admissible</u>

11

12         In both of the published Ninth Circuit opinions addressing a

13   district court's admission of Rule 414 evidence, the court

14   properly held that the district court's admission of the evidence

15   was itself proper. <u>United States v. LeMay</u>, 260 F.3d 1018 (9th

16   Cir. 2001); <u>United States v. Norris</u>, 428 F.3d 907, 913-14 (9th

17   Cir. 2005). <u>LeMay</u> is perhaps the seminal Ninth Circuit case on

18   Rule 414.  There, defendant appealed his convictions for two

19   counts of child molestation in violation of 18 U.S.C. § 2241. <u>Id</u>.

20   at 1022.  On appeal, defendant argued that the admission at trial

21   of his prior act of child molestation violated his constitutional

22   right to due process. <u>Id</u>.  At trial, the government had

23   introduced evidence that, in 1989, when defendant was just twelve

24   years old, he had molested two children.  <u>Id</u>.  Defendant opposed

25   the government's attempt to introduce this evidence, mounting

26

27

28

1  both a facial and as-applied challenge to the constitutionality

2  of Rule 414. Id. at 1023.[2]

3      Applying Rule 414, the Ninth Circuit upheld the district

4  court's admitting defendant's prior acts and conviction of child

5  molestation at trial, despite the fact that it took place over a

6  decade before the charged conduct. LeMay, 260 F.3d at 1028.  In

7  so holding, the Court found that such Rule 414 evidence is

8  "exactly the sort of use of prior acts evidence that Congress had

9  in mind when enacting Rule 414." Id.   The trial judge also

10 determined that Rule 403 did not otherwise preclude the

11 introduction of the prior acts of molestation, and the

12 government's proposed Rule 414 evidence was indeed relevant.   Id.

13     In rejecting defendant's constitutional challenge, the Ninth

14 Circuit first rejected defendant's argument that the tradition of

15 precluding the use of a defendant's prior bad acts to prove his

16 disposition to prove the type of crime charged is so ingrained in

17 Anglo-American jurisprudence as to be embodied in the

18 Constitution's due process clause. Id. at 1024-26.  The Ninth

19 Circuit noted that defendant faced a high burden in proving this

20 assertion, and failed to meet it.  Id.

21     After emphasizing that the Due Process Clause has limited

22 operation besides the Bill of Rights, and that it was defendant's

23 burden to prove that it encompassed some other rule or custom,

24 the Ninth Circuit examined whether the tradition of precluding

25 propensity evidence actually applied to sex-offense cases. Id.

26 

---

27     [2] Defendant also challenged the evidence's admissibility under Rule 403,
arguing that its potential for prejudice far outweighed its probative value.
28 Id.  Before trial, the district court rejected defendant's facial
constitutional challenge, reserving the "as applied" and Rule 403 challenges
until trial so it could best determine proffered evidence's relevance.  Id.

1    Here, the Ninth Circuit noted that "courts have routinely allowed

2    propensity evidence in sex-offense cases, even while disallowing

3    it in other criminal prosecutions." <u>Id</u>. at 1025.  The Ninth

4    Circuit went on to describe how defendant's constitutional attack

5    on Rule 414 was undercut by the fact that Rule 414 evidence

6    remains subject to Rule 403 analysis.  <u>Id</u>. at 1026-27.  In

7    response to defendant's claim that the evidence was prejudicial,

8    the Court noted that "[a]ll evidence introduced against a

9    criminal defendant might be said to be prejudicial if it tends to

10   prove the prosecution's case."  <u>Id</u>. at 1026.

11       In dispensing with defendant's as-applied challenge to the

12   constitutionality of Rule 414, the court pointed out that, in a

13   separate opinion, <u>Doe by Rudy-Glanzer v. Glanzer</u>, 232 F.3d 1258,

14   1268 (9th Cir. 2000), it had set out certain factors that

15   district judges must evaluate in determining whether to admit

16   evidence of a defendant's prior acts of sexual misconduct.  *Id*.

17   at 1027-28.  The factors include:

18           "(1) the similarity of the prior acts to the acts
             charged; (2) the closeness in time of the prior acts to
19           the acts charged; (3) the frequency of the prior acts;
             (4) the presence or lack of intervening circumstances;
20           and (5) the necessity of the evidence beyond the
             testimonies already offered at trial."

21

22   <u>Id</u>. at 1028.  The list of <u>Glanzer</u> factors is not exhaustive, and

23   district judges may consider other factors relevant to individual

24   cases.  <u>Ibid</u>.

25       In continuing its analysis in <u>LeMay</u>, the Ninth Circuit

26   stated that this use of prior acts evidence was exactly what

27   Congress had in mind when enacting Rule 414.  <u>Id</u>. at 1027-28; see

28   also 140 Cong. Rec. H8991-92 (August 21, 1994).

1    In applying the Glanzer factors to the case, the Ninth

2    Circuit pointed out that the prior act evidence was highly

3    relevant, as it was very similar to the charged crimes, also

4    involved oral copulation, young victims, and occurred while

5    defendant was babysitting. Id. at 1028.[3]  Next, the court noted

6    that the prior act evidence was highly reliable, as it consisted

7    of a conviction, as well as testimony about defendant's admission

8    against interest.  Id. at 1029.[4]

9    Next, the Ninth Circuit considered the remoteness in time of

10   defendant's prior molestation of his cousins, the frequency of

11   prior similar acts, and whether any intervening events bore on

12   the relevance of the prior similar acts.  Id.  The court stated

13   that the intervening events factor seemed irrelevant.  It also

14   found that, despite the fact that eleven years had passed between

15   the prior molestation and the trial, a lapse of time this

16   significant did *not* render the admission of similar prior acts to

17   be an abuse of discretion. Id.

18   The "frequency of events" factor also favored admission of

19   the prior molestation.  Id.  Although not introduced at trial,

20   the government had evidence of a third molestation that had

21   occurred even further in the past, and the Ninth Circuit noted

---

[3] Here, the prior conviction evidence is also very similar to that
underlying the present charges, in that both involve defendant's possession of
child pornography depicting a discrete subset of victims, those being young
girls in the 6-12 age range.

[4] However, the Ninth Circuit made it clear that it was **not** holding that
district courts may only introduce prior acts of molestation for which a
defendant has been tried and found guilty. Id. Rather, it was holding that
the extent to which an act has been proved is a factor that district courts
may consider in conducting the Rule 403 inquiry. Id.

that this evidence suggested that the defendant's molestation of his cousins was not an isolated incident.   <u>Id</u>.

The <u>Glanzer</u> factors also required the district court to consider whether the prior acts evidence was helpful (or "practically necessary")[5] for the government to prove its case. <u>Id</u>.  The Ninth Circuit found this factor to also weigh in favor of admission because, among other things, the testimony regarding the prior acts was needed to establish that they were very similar, and therefore relevant to, the charged crimes.   <u>Id</u>. at 1029-30.[6]

## B.   Rule 404(b)

Given the fact that Rule 414 "supersedes" Rule 404(b)'s treatment of other acts evidence, the government respectfully suggests that Rule 404(b) analysis is unnecessary in this case. However, as Rule 404(b) permits the admission of evidence of other crimes, wrongs, or acts of defendant for certain purposes, including but not limited to motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, it offers a valid alternative basis for the admission of the other acts evidence.

///

---

[5] The LeMay Court defined "practically necessary" as synonymous with "helpful." Specifically, it found "prior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or practically necessary."  LeMay, 260 F.3d at 1029. (Emphasis in original).

[6] Although the Ninth Circuit has not had occasion to publish an opinion specifically approving the use of Rule 414 in a child-pornography case, subdivision (d)(2) explicitly confirms that it applies to such charges, and other circuits have repeatedly done so.  <u>United States v. Summage</u>, 575 F.3d 864, 877-78 (8th Cir. 2009); <u>United States v. Kelly</u>, 510 F.3d 433, (4th Cir. 2007); <u>United States v. Angle</u>, 234 F.3d 326, 341-42 (7th Cir. 2000).

**IV.**

**APPLICATION OF THE FEDERAL RULES OF EVIDENCE TO DEFENDANT'S PRIOR CONVICTION FOR POSSESSION OF CHILD PORNOGRAPHY**

**A.   RULES 414 AND 404(b)**

    1.   Defendant's Prior Possession of Child Pornography Offense is Both Relevant and Presumed Admissible <u>Pursuant to Rule 414</u>

As aforementioned,, "offense of child molestation" is defined within Rule 414 as specifically including conduct proscribed by chapter 110 of Title 18 of the United States Code. Chapter 110 pertain to those crimes involving the sexual exploitation and other abuse of children, and encompass sections 2251 through 2260.  This chapter specifically includes federal child-pornography offenses as set forth in sections 2252 and 2252A.  Here, both the charged offense and the prior act evidence the United States seeks to introduce involve defendant's possession of child pornography both before and soon after he began serving his six year state prison sentence in 2002. Accordingly, Rule 414 specifically presumes that evidence of defendant's prior child pornography conviction is both relevant and admissible at trial and should be considered for "its bearing on any matter to which it is relevant."  No facts, conversely, exist that would justify a disregard of this evidentiary rule of admission.

        a.   Additionally, The Probative Value of the Evidence is Not Substantially Outweighed By a Risk of Undue Prejudice, and There Are No Relevant Factors <u>Overriding the Presumption Favoring Admission</u>

While "[t]he trial judge's job is to avoid unfair prejudice. The court is not required to scrub the trial clean of all

evidence that may have an emotional impact." <u>United States v.</u>
<u>Ganoe</u>, 538 F.3d 1117, 1124 (9th Cir. 2009), citing <u>United States</u>
<u>v. Morales-Aldahondo</u>, 524 F.3d 115, 120 (1st Cir. 2008).  This is
particularly true when analyzing Rule 414 evidence, because (and
as noted in its legislative history), its relation to the abuse
of children will always carry an emotional impact.  In addition,
"[r]elevant evidence is inherently prejudicial; but it is only
unfair prejudice, substantially outweighing probative value,
which permits exclusion of relevant matter under Rule 403."
<u>United States v. Naranjo</u>, 710 F.2d 1465, 1469 (10th Cir. 1983).

    As set forth above, Rule 414 evidence is presumed to be
properly admitted as propensity evidence without being unduly
prejudicial under Rule 403.  Thus, the tendency of past sex
offenses to show the disposition of the defendant to commit the
charged offense significantly enhances the "probative value" side
of the Rule 403 balancing and weighs in favor of admission, not
exclusion.  <u>See</u>, <u>e.g.</u>, <u>United States v. Bentley</u>, 475 F.Supp.2d
852, 859-60 (N.D. Iowa 2007).

    Nevertheless, applying the <u>Glanzer</u> factors incorporated by
the Ninth Circuit in <u>LeMay</u>, the argument for admissibility of the
Rule 414 in light of Rule 403 evidence only strengthens.  First,
evidence regarding defendant's prior child pornography conviction
are highly similar to acts charged here.  Both involve
defendant's possession not just of child pornography, but
specifically of pre-pubescent minor females aged 6 to 12 years
old.  Accordingly, not only does defendant separate himself from
the vast majority of society by collecting child pornography, but
he further distinguishes himself from other child pornography

collectors by focusing on lascivious images of pre-pubescent females.

Second, the other acts occurred very close in time to the charged acts.  In 2002, defendant was sentenced to a total of six years imprisonment with the California Department of Corrections. By 2009, he had again been indicted for possessing child pornography.  This gap in time is far less than the eleven-year hiatus that the Ninth Circuit approved in LeMay, especially when considering defendant's intervening state sentence.

With regard to the frequency of the prior acts, defendant has admitted to, or been charged with, possessing child pornography on no less than two occasions, despite his prior incarceration, as well as his initial contacts with law enforcement initially relating to other crimes.  This evidence also squarely weighs in favor of admission.

Evidence of defendant's prior child pornography conviction is also helpful to the United States, in that it helps establish defendant's predilection toward possessing images of pre-pubescent girls being sexually exploited.  It would also rebut potential defenses regarding defendant's not knowing he possessed child pornography or claiming that others planted it on his computer.  In rebutting these defenses, the other acts evidence will be indispensable.

The intervening-events factor points toward admission of the evidence, as the lack of significant intervening events (other than his state sentence) between the charged acts and other acts suggests that they are parts of the same, uninterrupted pattern of defendant's criminal activity.

1    Finally, in this child pornography case, the fact-finder

2    will be required to view images of young girls being sexually

3    exploited.   Therefore, the emotional impact of this evidence will

4    be significant.   In this context, the admission of the other acts

5    evidence will therefore not materially alter the fact finder's

6    emotional reaction to the evidence presented in the case.   It

7    will, however, be of significant probative value for the reasons

8    described above.

9        2.   Defendant's Prior Conviction is Also Admissible Under
             Rule 404(b) By Demonstrating Motive, Knowledge, Intent
10           and Absence of Mistake

11   As aforementioned, Rule 414 supercedes application of Rule

12   404(b) in this instance.   Accordingly, Rule 404(b) does not

13   apply.   Nevertheless, in an abundance of caution, the United

14   States offers Rule 404(b) as an alternative basis for the

15   admission of defendant's prior conviction.

16   Federal Rule of Evidence 404(b) excludes the admission of

17   "other crimes, wrongs, or acts" to prove action in conformity

18   therewith but allows for their admission as proof of "motive,

19   opportunity, intent, preparation, plan, knowledge, identity, or

20   absence of mistake or accident."   Fed. R. Evid. 404(b).

21   To determine whether evidence of other acts, crimes or

22   wrongs is admissible under Rule 404(b), the Court should consider

23   each of the requirements set forth in the Supreme Court's

24   decision in United States v. Huddleston, 485 U.S. 683 (1988).

25   First, the Court should decide if the evidence is offered for a

26   proper purpose – "one other than to prove the defendant's bad

27   character or criminal propensity."   Id. at 683.   Next, the Court

28   should decide whether the evidence is relevant to some disputed

issue in the trial. <u>Id</u>. And finally, the Court should assess
whether the probative value of the evidence is substantially
outweighed by the danger of unfair prejudice that its admission
would create. <u>Id</u>.

The Ninth Circuit has enunciated a four-part test that
varies slightly from the factors set forth in <u>Huddleston</u>. In
<u>United States v. Verduzco</u>, 373 F.3d 1022, 1027 (9th Cir. 2004),
the Ninth Circuit held that evidence can be admitted under Rule
404(b) if: first, it proves a material point; second, the prior
act is not too remote in time; third, the evidence is sufficient
to show that the defendant committed the other act; and fourth,
that the act is similar to the offense charged, in cases where
knowledge and intent are at issue. <u>See also</u> <u>United States v.
Estrada</u>, 453 F.3d 1208, 1213 (9th Cir. 2006) (applying same test
and recognizing distinction between evidence sufficient to
support a finding, which the test requires, and conclusive
evidence, which the test does not require).[7]

Here, defendant's prior child pornography conviction proves
a material point, because it tends to refute any claim that he
does not have any sexual interest in children or could not
knowingly exploit them by possessing images or their abuse.
Second, it is also not too remote in time, in that his prior
conviction and current charge largely encompass his state
sentence. Third, the evidence tends to show defendant committed

[7] If requested to do so, the Court could give an appropriate limiting
Rule 404(b) instruction. <u>Huddelston</u>, 485 U.S. at 683; <u>Estrada</u>, 453 F.3d at
1213 (9th Cir. 2006) (finding, as support for the admission of 404(b)
evidence, the satisfaction of the four factors discussed above and the trial
court's use of a limiting instruction to inform the jury that 404(b) evidence
could be considered only as proof of the defendant's intent or knowledge).

1   the crime charged, in that it relates to the same conduct and

2   reveals a lasting interest in the same type of victim.  Finally,

3   the acts are wholly similar to the crime charged.  Accordingly,

4   this evidence should alternatively be admitted under Rule 404(b).

5        Circuit Courts have also repeatedly admitted Rule 404(b)

6   prior acts evidence in child exploitation cases.  The Ninth

7   Circuit approved the admission of prior acts evidence (text

8   message stories) describing sexual activity between adults and

9   children.  United States v. Curtin, 489 F.3d 935, 956 (9th Cir.

10  2007) (holding that possession of sexually explicit stories

11  involving sexual relations between adults and children were

12  relevant to the charged offense of traveling across state lines

13  with the intent to engage in a sexual act with a minor).

14       The Third Circuit reached the same conclusion in United

15  States v. Brown, 862 F.2d 1033 (3d Cir. 1988).  In that case, the

16  district court admitted, under 404(b), uncharged child

17  pornography videos that were found in the defendant's home along

18  with the video he was charged with receiving, as well as his

19  correspondence with the company (which was actually a front set

20  up by the government) from which he ordered the charged video.

21  Id. at 1034-36.  On appeal, the Third Circuit affirmed,

22  explaining:  "We find no difficulty with the admission into

23  evidence of the child pornography found, along with [the charged

24  video)], in [the defendant's] home.  Admission of this material

25  was properly within the discretion of the district court to show

26  "proof of . . . intent, . . . knowledge, . . . or absence of

27  mistake or accident" under      . . . 404(b)."  Id. at 1038.

28

1     The Second and Sixth Circuits have similarly admitted

2 uncharged child erotica images under Rule 404(b).  The Second

3 Circuit did so in <u>United States v. Brand</u>, 467 F.3d 179 (2d Cir.

4 2006), a case in which the defendant was charged with traveling

5 across state lines to commit sexual acts with an individual he

6 believed to be thirteen years old.  In allowing into evidence

7 child erotica found on that defendant's computer, the <u>Brand</u> court

8 explained that the evidence was relevant to establishing the

9 defendant's intent and predisposition to commit the crime

10 charged. <u>Id</u>. at 187.  In reaching this holding, the Second

11 Circuit adopted an "inclusionary approach," allowing such

12 evidence "for any purpose other than to show a defendant's

13 criminal propensity" where his state of mind is a central issue

14 to the case.  <u>Id</u>.

15     Similarly, in <u>United States v. Caldwell</u>, 181 F.3d 104 (6th

16 Cir. 1999), the Sixth Circuit determined that the defendant's

17 possession of child-oriented erotica was properly admitted under

18 404(b) in that case to show his knowledge and intent, which were

19 relevant to the child pornography charges for which he was on

20 trial.

21     The Eleventh Circuit has likewise held that, "[f]ederal Rule

22 of Evidence 404(b) is a rule of inclusion, and . . . accordingly

23 404(b) evidence, like other relevant evidence, should not be

24 excluded when it is central to the prosecution's case." <u>United</u>

25 <u>States v. Eckhardt</u>, 466 F.3d 938, 946 (11th Cir. 2006) (quoting

26 <u>United States v. Jernigan</u>, 341 F.3d 1273, 1280 (11th Cir. 2003)

27 (internal citations and quotations omitted)). <u>See</u> <u>also</u> <u>United</u>

28 <u>States v. Johnson</u>, 132 F.3d 1279, 1282 (9th Cir. 1997).

1    In this case the defendant or his counsel may assert that he

2  did not know the child pornography found on his computer was

3  there, or that someone else put it there.  Both of these claims

4  would be contradicted by the other acts evidence described above

5  that the United States will seek to admit at trial.  Because that

6  evidence is being offered for a proper purpose -- to show the

7  defendant's knowledge, intent, identity, and lack of mistake or

8  accident -- it is relevant to the crimes for which he is charged

9  and should be admitted at trial under Rule 404(b).

10   The Ninth Circuit has also repeatedly recognized the use of

11  404(b) evidence to show intent where intent is a necessary

12  element of the crime in question and the defendant has denied

13  having that intent.  <u>Curtin</u>, 489 F.3d at 953.

14   Here, the facts that the defendant was actually convicted

15  for having possessed child pornography on a computer in 2002 as

16  well as having possessed similar material on a different computer

17  in 2009 constitutes evidence that defendant had a motive, and the

18  intent, to knowingly receive and possess child pornography.  It

19  makes it more likely that defendant, and no other person, used

20  the laptop to receive and possess child pornography.  Further, it

21  negates the idea that an accident or mistake caused the child

22  pornography to be present on defendant's computer.  <u>See also</u>

23  <u>LeMay</u>, 260 F.3d at 1026 (holding "evidence that a defendant has

24  committed similar crimes in the past is routinely admitted in

25  criminal prosecutions under Rule 404(b) to prove preparation,

26  identity, intent, motive, absence of mistake or accident, and for

27  a variety of other purposes.")

28  ///

1                              **V.**

2                          **CONCLUSION**

3        For the foregoing reasons, the United States respectfully

4    requests that the Court permit the other acts evidence discussed

5    in this memorandum to be admitted in its direct case under Fed.

6    R. Evid. 414 or, alternatively, Fed. R. Evid. 404(b).  These

7    Rules and relevant authority analyzing them emphasize the

8    necessity of other acts evidence in cases like this and

9    emphasized the low threshold of relevance that the proponent must

10   establish.  The United States has exceeded the required relevance

11   threshold in this case and refuted any claim that the probative

12   value of this evidence is substantially outweighed by its

13   prejudicial effect.

14                              Respectfully submitted,

15   Dated: December 23, 2010         BENJAMIN B. WAGNER
                                      United States Attorney
16

17                              By:   /s/ Brian W. Enos
                                      BRIAN W. ENOS
18                                    Assistant U.S. Attorney
                                      Attorneys for Plaintiff
19

20

21

22

23

24

25

26

27

28