DANIEL J. BRODERICK, Bar #89424
Federal Defender
ERIC V. KERSTEN, Bar #226429
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
Matthew Patrick Schorr

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>MATTHEW PATRICK SCHORR,<br><br>　　　　　*Defendant.* | No. 1:09-cr-00267 AWI<br><br>DEFENDANT'S FORMAL OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT<br><br>Date:  May 9, 2011<br>Time:  9:00 a.m.<br>Judge: Hon. Anthony W. Ishii |

Defendant Matthew Schorr does not dispute that his conviction carries a mandatory minimum sentence of 120 months imprisonment. He does, however, formally object to several factual assertions and proposed conditions of supervised release contained in the Presentence Investigation Report (PSR). He requests that the following items be amended and/or deleted from the PSR.

**FORMAL OBJECTIONS**

A.   **Factual Objections**

¶**5**.  The last sentence should be amended to reflect that the computer of Mr. Schorr's deceased mother was seized from his mother's residence prior to the revocation of Schorr's pretrial release. Because Mr. Schorr has no ownership interest in his mother's computer, he cannot forfeit any interest in that computer. Further, his mother's computer contains no illegal images and should be returned to family members, who are understandably interested in the last thoughts and activities of their deceased mother.

1   Much of the information in ¶¶ **11, 12, 13 and 14** should be deleted as it is multiple level hearsay, much of which has been recanted, that pertains to disputed and uncharged conduct. Also, while the information explains the circumstances leading to Mr. Schorr's arrest, it is not otherwise relevant to the charged offense, or to concerns related to the nature of the charged offense. The material described below is disputed and of marginal relevance. Because the inclusion of this material could increase Mr. Schorr's security classification within the BOP, which could result in placement in a facility where he would face an increased risk of physical harm, it is requested that the following changes be made.

¶11.  Mr. Schorr and his wife did engage in a physical dispute prior to his arrest, but he did not strangle her to the point where she nearly lost consciousness. Nor did he tell her that if she called the police he would kill her, or that he had hurt women in the past and has killed people. Thelma Schorr has acknowledged that she was taking heavy medication at the time of the incident and she has recanted these statements. Everything after the sentence "When she attempted to retrieve her cell phone, **Schorr** took it from her" should be deleted.

¶12.  Much of this information is factually impossible as Ms. Schorr's physical aliments make it impossible for her to run, and she would not have been able to get free if Mr. Schorr wanted to prevent her from leaving. Paragraph 12 should be amended to state: Thelma Schorr then walked to walked to the Sierra Express Mini-mart where she called the police.

¶13.  This paragraph contains factual inaccuracies and is not relevant. It should be deleted.

¶17.  Mr. Schorr purchased the computer with his credit card. He did not purchase it with money from Ms. Schorr's disability check**.** He requests that the sentence beginning with "She advised **Schorr** purchased ..." and the following two sentences in parenthesis be deleted.

**B.    Objections to Proposed Conditions of Supervised Release**

¶70. The conditions of supervised release proposed at paragraph 70 include a condition requiring Mr. Schorr "not to enter, loiter, frequent, or travel to anyplace frequented by children or places where children congregate." Because children "frequent" virtually every place at one time or another, including grocery stores, medical offices and churches, Mr. Schorr requests that this condition be clarified to more accurately advise him where he can or can not be.

///

1 **Page 21, ¶8.**  Mr. Schorr requests that this condition which prohibits him from engaging in any occupation "which exposes him directly or indirectly to children under the age of 18" be clarified, as there are very few occupations that never expose an individual "directly or indirectly to children." As written, the proposed condition is vague and overbroad. In addition, because this is an occupational restriction, it can only be imposed "*to the minimum extent necessary* to protect the public." USSG § 5F1.5(b) (emphasis added).

The sentencing guidelines provide express limits on the imposition of supervised release conditions that prohibit defendants from engaging in specified occupations, or that limit the terms under which the defendant may do so.  *United States v. Britt*, 332 F.3d 1229, 1232 (9th Cir. 2003) Such conditions may be imposed only if the court first determines that: (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted. USSG § 5F1.5(a); *Britt*, 332 F.3d at 1232. Only if the court determines that the defendant's occupation is related to the offense of conviction can occupational restrictions be imposed. USSG § 5F1.5(a); *Britt*, 332 F.3d at 1232. Further, if the court decides to impose an occupational restriction, it can only impose the restriction "for the minimum time and to the minimum extent necessary to protect the public." USSG § 5F1.5(b); *Britt*, 332 F.3d at 1232.

Here, Mr. Schorr does not suggest that no occupational restrictions which limit his contact with children may be imposed. However, the imposition of such conditions requires factual findings, and they may only be imposed "*to the minimum extent necessary* to protect the public."

**Page 22, ¶10.**  This condition prohibits Mr. Schorr from frequenting any location where arguably pornographic materials may be located, or from possessing, etc., such materials.  Because materials meeting the broad definition set forth in 18 USC 2256(2) are found in a wide variety of locations, e.g., many magazine racks, Mr. Schorr requests that this condition be amended to reflect that he shall not *knowingly* possess, own, use, frequent, etc., the locations and materials set forth in the paragraph.

**Page 23, ¶13.**  This condition appears to provide the probation office with unlimited discretion to order any sex offender treatment or therapy program that is recommended by a treatment provider. Mr.

Schorr: Formal Objections to PSR                    3

Schorr objects to the special condition on the ground that it is open ended and overbroad.

## CONCLUSION

Based on the foregoing, defendant Matthew Schorr requests that this Court impose a sentence of no more than 120 months imprisonment, and that the PSR and proposed conditions of supervised release be amended as requested.

DATED: May 4, 2011

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

 /s/ Eric V. Kersten
ERIC V. KERSTEN
Assistant Federal Defender
Attorney for Defendant
Matthew Patrick Schorr